BARHAM, Justice,
(concurring).
The defendant claims under Bill of Exception No. 1 that remarks of the assistant district attorney in closing argument were of such an inflammatory nature that they constitute grounds for a mistrial, and that instructions to the jury to disregard were insufficient to overcome this prejudice. The perfected bill consists of the statement of the assistant district attorney during argument, the objection by defense counsel, the ruling by the court, and the court’s admonition to the jury. No testimony or other part of the record is attached to this bill. The trial court has supplied a per curiam which simply concludes that there was sufficient evidence to convict, and that therefore the remark constituted harmless error.
The majority of this court states that invective remarks are permissible when supported by the evidence. The majority then reviews the evidence, finds that the testimony of the officers discloses “some violence”, and appears to reason as a first alternative that this evidence is sufficient to support the assistant district attorney’s comment about an “unpredictable animal”.
Here the majority is considering evidence not made a part of or attached to this bill of exception by reference or otherwise, for only the comment objected to and the colloquy with the court which followed are incorporated in this bill. The bill does not refer to the testimony in whole or in part, and it makes no reference to page or pages of the transcript.
The majority this date in State v. Barnes, 257 La. 1017, 245 So.2d 159, refused to review evidence in the transcript al *965 though reference was made in the hill to a transcript page where the pertinent evidence could be found. Now, contrary to that holding, the majority has reviewed an entire transcript which is not presented for our consideration in the bill of exception.
Additionally, in the case before us the majority has stated alternatively that even if the invective remarks were improper, they constituted harmless error under the test set forth in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284.
The test laid down in that case is whether the record even without the prejudice complained of would be sufficient to substantiate a finding of guilt. I have contended previously that our harmless error doctrine in Louisiana cannot meet the federal test because we do not require a complete record in every case and we refuse to review the complete record unless it is made a part of a bill of exception. We have held consistently that under our Constitution we may not pass upon the guilt or innocence of an accused. Our procedural vehicles for presenting evidence for review would result in a disparity and inequality of justice if we applied the federal rule since all defendants are not afforded a full transcript and all defendants will not be accorded a full review of the transcript. Here the evidence was not before the majority for review, if the majority follows its holding in State v. Barnes, supra. It could not therefore make a harmless error determination or comply with the Harrington rule
I am of the opinion that under our state harmless error doctrine and without resort to the evidence the remark made, though inflammatory, was not so prejudicial as to require a new trial in the light of the instructions given immediately to the jury. I concur in the result.